UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-10059-RGS

MARLA BUSH, KIMBERLY DEHAVEN,
NANCY MUNIE, and MONIQUE SALERNO,
Individually and on behalf of all
others similarly situated,

v.

WELL PET, LLC; and DOES 1 through 20

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

April 14, 2021

STEARNS, D.J.

Plaintiffs Marla Bush, Kimberly DeHaven, Nancy Munie, and Monique Salerno filed this putative class action against WellPet, LLC on behalf of themselves and all others similarly situated. They allege that WellPet breached an express (Count I) and/or implied (Count II) warranty; unjustly enriched itself at plaintiffs' expense (Count III); violated the consumer protection laws of New York (Counts IV and V), California (Counts VI, VII, and VIII), Massachusetts (Count IX), and other states (Count XII); violated the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* (Count X); and negligently misrepresented material facts (Count XI) when it advertised its pet food as "grain free" despite the presence of trace amounts of gluten in the

finished products.  WellPet moves to dismiss the case pursuant to Fed. R. Civ. P 12(b)(6).  For the following reasons, the court will allow the motion.

## BACKGROUND

WellPet is a company that "manufactures, sells, and/or distributes Wellness-brand" pet food products.  Compl. (Dkt # 1) ¶ 12.  It advertises the products sold under two of its lines (the "Core" line and the "Complete Health" line) as "grain free," as illustrated by the packaging below:[1]

 

*Id.* ¶ 19.  Plaintiffs are pet owners who purchased pet food from the Core and Complete Health lines because of the representation that the products were grain free.[2]

---

[1] The website also advertises the products as "100% grain-free." Compl. ¶ 17.  Plaintiffs, however, do not allege that they reviewed or relied on the website in purchasing the products. *See id.* ¶¶ 8-11 (alleging only that plaintiffs reviewed and relied on "the product's labeling and packaging").

[2] Plaintiffs allegedly desired grain free pet food because they "believe that dogs and cats require pet foods that contain more protein and animal

Prior to filing this lawsuit, plaintiffs, through their counsel, "commissioned an independent laboratory to" to test WellPet's Core and Complete Health line pet foods. *Id.* ¶ 21. The testing "revealed" that WellPet's pet food "had significant gluten content." *Id.* Armed with this revelation, plaintiffs repaired to the federal district court, arguing that the gluten ingredient[3] renders the "grain free" label false and misleading. WellPet moved to dismiss on March 16, 2021.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two basic principles guide the court's analysis. "First, the tenet that a court must accept as true all of the

---

fats and fewer carbohydrates than grain-based pet foods" and "grain-free pet foods are considered easily digestible and more similar to pets' natural diets." *Id.* ¶ 15.

[3] The term "gluten" comes from the Latin word for "glue." As this etymology would suggest, gluten proteins are sticky and can link together (much in the way the proteins in spider's silk link together) to form stretchy, scaffolding-like complexes. The viscidity of gluten makes it particularly useful in baking, but manufacturers also add gluten to products as diverse as shampoo and makeup products because of its binding properties. *See Gluten Food and Labeling: What is Gluten?*, U.S. Food and Drug Administration, https://www.fda.gov/food/nutrition-education-resources-materials/gluten-and-food-labeling (last visited April 14, 2021).

allegations contained in a complaint is inapplicable to legal conclusions."

*Iqbal*, 556 U.S. at 678.  "Second, only a complaint that states a plausible claim

for relief survives a motion to dismiss."  *Id.* at 679.  A claim is facially

plausible if its factual content "allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

**Breach of Warranty (Counts I, II, and X)**

   *a. Express Warranty*

To bring an express warranty claim, a plaintiff must show that the

seller breached some "affirmation of fact or promise" it made concerning the

product.  N.Y. U.C.C. Law § 2-313; Cal. Com. Code § 2313.[4]  The parties

dispute whether the presence of gluten in the tested products breaches an

express promise  that the pet food is "grain free."  *See* Compl. ¶¶ 40-41,  46,

121-122; Def.'s Mem. (Dkt # 8) at 11-12; Pls.'s Opp'n (Dkt # 16) at 10.  This is

decided by the answer to a simple question: Is gluten a grain?

The Oxford English Dictionary defines "grain" as the "seed of cereal

plants,     corn."          *Grain*,     Oxford     English     Dictionary,

https://www.oed.com/view/Entry/80508?rskey=muZSx9&result=1#eid

---

[4] Plaintiffs concede that the economic loss doctrine bars their breach of express warranty claim under Massachusetts law.  *See* Pls.'s Opp'n at 10 n.2.  The court accordingly will dismiss this portion of Count I without further discussion.

(last visited April 14, 2021); *accord Grain*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/grain (last visited April 14, 2021) (defining "grain" as "the seeds or fruits of various food plants including the cereal grasses and in commercial and statutory usage other plants (such as the soybean)"); *Grain*, Dictionary.com, https://www.dictionary.com/browse/grain (last visited April 14, 2021) (defining "grain" as "a small, hard seed, especially the seed of a food plant such as wheat, corn, rye, oats, rice, or millet"; "the gathered seed of food plants, especially of cereal plants"; or "such plants collectively"). The short answer is this. Gluten is not a grain. It is rather a family of proteins (glutenin and gliadin) often found in some (but not all) grains, most typically wheat, rye, spelt, and barley.[5] Gluten is not the "seed of" a "cereal plant" or "corn" itself but a *protein* compound found within the seed of some cereal plants. And it would be nonsensical to call this protein, once separated from the wheat, rye, spelt, or barley which produced it, a "grain." One would not, after all, call tannins "wine" once they have been removed (or fined) from the wine which produced them. The court thus declines to find that the presence of

---

[5] Consistent with this interpretation, gluten does not appear as a separate entry on the list of what the Association of American Feed Control Officials considers to be grain products. *See* Compl. ¶ 13.

gluten in a product labeled as "grain free" establishes a breach of an express warranty.[6]

Even assuming that a consumer (or the court) were gullible enough to believe that gluten is a grain (presumably, because of its association with certain grains), the Complaint still fails to establish a breach of an express warranty. Plaintiffs do not allege that WellPet intentionally added gluten to its Core and Complete Health pet foods (*e.g.,* as an ingredient in the formula). They allege only that investigation revealed an undisclosed level of gluten within the tested products. Gluten can find its way into a product by any number of paths. Cross-contamination, for example, could account for its presence during testing; the stickiness of gluten puts even non-glutinous products at risk of turning up trace amounts of gluten if manufactured on the same machinery as glutinous products. A reasonable consumer therefore would not be so "absolutist" as to require a "grain free" product to contain no gluten, however negligible the amount actually

---

[6] The court also finds it significant that ordinary consumers are familiar with gluten as a stand-alone substance commonly sold in the baking aisle of any supermarket. So, too, can a consumer find gluten-producing grains processed to remove gluten. Under the circumstances, the court believes that any reasonable consumer would know that "gluten free" and "grain free" carry different connotations and promise the absence of different ingredients.

present.[7]  *Cf. Parks v. Ainsworth Pet Nutrition, LLC*, 377 F. Supp. 3d 241, 247 (S.D.N.Y. 2019) (dismissing a consumer fraud claim because, *inter alia*, "a reasonable consumer would not be so absolutist as to require that 'natural' means there is no glyphosate, even an accidental and innocuous amount, in the Products").  It follows that the mere presence of gluten in a product, regardless of the amount, does not plausibly demonstrate breach of a warranty of "grain free."

Plaintiffs argue that the court cannot assume the gluten content in the tested products is a trace or negligible amount because the Complaint refers to a "significant gluten content."  Compl. ¶ 21.  But significant is not as clear a term as plaintiffs suggest.  Is a significant gluten content 3 parts per million in every product tested (*i.e.*, a statistically significant trace level of gluten)?  Or is it 10,000 parts per million in some of the products (*i.e.*, significantly large level of gluten)? Nothing in the Complaint makes the latter more plausible than the former.  And without such clarification, the court cannot *reasonably* make an inference that significant means a high level.

---

[7] Indeed, even products specifically advertised as "gluten free" (and not just "grain free") may contain some trace amount of gluten.  The U.S. Food and Drug Administration allows manufacturers of human food products to label their products gluten free so long as those products contain a gluten level below 20 parts per million.

### b. Implied Warranty

The Complaint does not plausibly demonstrate that WellPet breached any implied warranty not to include grain in the products for the same reasons it does not demonstrate that WellPet breached an express warranty. To the extent plaintiffs argue breach of the implied warranty of merchantability, their claims fail for an independent reason. Plaintiffs have not shown that the presence of gluten renders the products unsuitable for their intended and ordinary use. The value of grain free food is that it allegedly is "easily digestible" and contains "more protein and animal fats and fewer carbohydrates than grain-based pet foods."[8] *Id.* ¶ 15. The addition of gluten, a protein, does not undermine or otherwise diminish this benefit.

### c. Magnuson-Moss Warranty Act

Plaintiffs do not dispute that the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. §§ 2301, *et seq.*, is coextensive with state law, *see* Pls.'s Opp'n at 13. Thus, in the absence of any surviving state law warranty claim, the MMWA claims necessarily fail.

---

[8] Plaintiffs do not suggest that they purchased Core or Complete Health pet food products because their pets had any allergies to grain products or to gluten.

**Consumer Protection Act Violations (Counts IV, V, VI, VII, VIII, IX, XII)**

The consumer protection laws of New York, Massachusetts, and California prohibit deceptive practices and/or unfair conduct in business transactions.[9] *See* Mass. Gen. Laws ch. 93A; N.Y. Gen. Bus. Law §§ 349, 350; Cal. Civil Code §§ 1750, *et seq.*; Cal. Bus. & Prof. Code §§ 17200, *et seq.*; Cal. Bus. & Prof. Code §§ 17500, *et seq.*  Plaintiffs allege both types of misconduct here.

### a. Deceptive Practices

"[A]n advertisement is deceptive when it has the capacity to mislead consumers, acting reasonably under the circumstances, to act differently from the way they otherwise would have acted (i.e., to entice a reasonable consumer to purchase the product)." *Dumont v. Reily Foods Co.*, 934 F.3d 35, 40 (1st Cir. 2019) (alteration in original), quoting *Aspinall v. Philip Morris Cos.*, 442 Mass. 381, 396 (2004); *see also Parks*, 377 F. Supp. 3d at 246-247 (noting that conduct is deceptive when it is "likely to mislead a reasonable consumer acting reasonably under the circumstances"), quoting

---

[9] Plaintiffs do not argue that their false advertising claims under N.Y. Gen. Bus. Law § 350, Cal. Civil Code § 1750, *et. seq.*, and Cal. Bus. & Prof. Code §§ 17500, *et seq.*, are factually or legally distinct from the generic consumer protection claims.

*Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1089 (N.D. Cal. 2017) ("[C]onduct is considered deceptive or misleading if the conduct is 'likely to deceive' a 'reasonable consumer.'"), quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).   "Whether conduct is deceptive is initially a question of fact."  *Aspinall*, 442 Mass. at 394; *see also Grossman v. Simply Nourish Pet Food Co. LLC*, 2021 WL 293774, at *8 (E.D.N.Y. Jan. 27, 2021); *Hadley* 243 F. Supp. 3d at 1098.  However, "is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer."  *Lima*, 2019 WL 3802885, at *9, quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013); *see also Chervin v. Travelers Ins. Co.*, 448 Mass. 95, 112 (2006); *Hadley*, 243 F. Supp. 3d at 1099.

Plaintiffs argue that WellPet's advertising is deceptive because the products contain gluten and thus allegedly are not grain free.[10]  *See* Compl.

---

[10] Plaintiffs do not argue that – if gluten is not, in and of itself, considered a grain – its status as a grain by-product would nonetheless cause a reasonable consumer to mistakenly believe that a grain free product would also be gluten free, *i.e.*, that the grain free representation, although a "literal truth," nonetheless "create[d] an over-all misleading impression" that the products were gluten free.  *Aspinall*, 442 Mass. at 395; *see* Pls.'s Opp'n at 8 ("Plaintiffs are alleging that Defendant's products contain gluten, and therefore cannot be grain-free.  Thus, unlike in *Parks*, Plaintiffs here allege that there is an affirmative misstatement on the labels of Defendant's

¶¶ 65, 67, 76, 88, 96, 102, 111; *see also id.* ¶¶ 8-11.  As the court has already explained, the argument is based on common logical fallacy, that is, a non sequitur, the first premise of which (gluten is a grain) is demonstrably false.

To the extent that WellPet may be faulted for failing to disclose the possibility of gluten cross-contamination of its "grain free" products,  the court cannot discern how this disclosure would have had any material impact on plaintiffs' purchasing decisions (their conclusory allegations to the contrary notwithstanding). [11]  Plaintiffs allege that they purchased grain free pet food because it "contain[s] more protein and animal fats and fewer carbohydrates than grain-based pet foods."  Compl. ¶ 15; *see also* Pls.'s Opp'n at 11 ("Plaintiffs . . . decided to purchase the Products because 'grain-free pet foods are considered easily digestible and more similar to pets' natural diets' due to the fact that they 'contain more protein and animal fats and fewer

---

products, and not merely a statement that could potentially be misconstrued."); Compl. ¶ 1 (alleging that the grain free representation "misleads consumers into believing that the Misabeled Pet Foods contain no grain even though the Mislabeled Pet Foods in fact do contain gluten (*i.e.* grain[)]").  Nor do plaintiffs suggest that the failure to disclose the possibility of gluten cross-contamination in a grain free product otherwise would constitute a material omission or nondisclosure.

[11] The Food and Drug Administration does not require animal food manufacturers to list "[i]ncidental additives that are present in a food at insignificant levels and do not have any technical or functional effect in that food," *e.g.*, "[s]ubstances migrating to food from equipment or packaging," on labels.  21 C.F.R. § 501.100(a)(3).

carbohydrates than grain-based pet foods.'").   As gluten is a protein, its

presence in the products does nothing to detract from the benefits plaintiffs

sought to obtain from grain free pet food.  The claims accordingly fail.  *See*

*Parks v. Ainsworth Pet Nutrition, LLC*, 377 F. Supp. 3d 241, 248 (S.D.N.Y.

2019) (dismissing consumer protection claims because "[t]he presence of

negligible amounts of glyphosate in a dog food product that do not have

harmful, 'toxic,' or 'carcinogenic' effects is not likely to affect consumers'

decisions in purchasing the product and is thus not material").

### b. Unfair Conduct

Conduct is unfair "if it is (1) within the penumbra of a common law,

statutory, or other established concept of unfairness; (2) immoral, unethical,

oppressive, or unscrupulous; or (3) causes substantial injury to [consumers,]

competitors or other business people."  *Tomasella v. Nestle USA, Inc.*, 962

F.3d 60, 79 (1st Cir. 2020) (alterations in original), quoting *Heller Fin. v. Ins.*

*Co. of N. Am.*, 410 Mass. 400, 408 (1991).[12]   Plaintiffs argue that WellPet

engaged in unfair conduct because it charged plaintiffs a substantial price

---

[12] "Although the precise test for the . . . 'unfair' prong has not been definitively established" under California law, *see In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 930 (N.D. Cal. 2018), plaintiffs do not suggest it differs in any material respect from the Massachusetts standard, *see* Pls.'s Opp'n at 9.

premium for its products on the false promise that the products would be grain free. *See* Pls.'s Opp'n at 9 (citing Compl. ¶¶ 3, 8-11, 18, 19). But for the reasons discussed above, plaintiffs have not shown that the presence of gluten had any bearing on the promise that products were grain free or otherwise rendered the product less valuable than the price charged.[13] The claims accordingly fail.

**Unjust Enrichment (Count III)**

Plaintiffs' unjust enrichment claim is premised on WellPet having "misrepresented the grain content of the Mislabeled Pet Foods by claiming they were 'grain free.'" Compl.¶ 58. As the court previously determined that the presence of gluten does not render the "grain free" promise false (which, in turn, means that WellPet did not misrepresent the grain content of its products), the unjust enrichment claim fails. *See Fitzgerald v. Polar Corp.*, 2020 WL 6586628, at *5 (D. Mass. Nov. 10, 2020) ("As Polar made no actionable misrepresentation to Fitzgerald, the retention of the purchase price cannot be found to be unjust.").

---

[13] As noted above, gluten is a protein and thus would not increase the carbohydrate content of the products or otherwise negate the benefits which plaintiffs sought from grain free pet foods.

**Negligent Misrepresentation (Count XI)**

Plaintiffs' negligent misrepresentation claim[14] is premised on WellPet having misrepresented "the grain content of the Mislabeled Pet Foods." Compl. ¶ 127. As the court previously determined that the presence of gluten does not render the "grain free" promise false (which, in turn, means that WellPet did not misrepresent the grain content of its products), the negligent misrepresentation claim fails. *See Ashton v. J.M. Smucker Co.*, 2020 WL 8575140, at *12 (C.D. Cal. Dec. 16, 2020).

**Leave to Amend**

Plaintiffs request that, if the court allows the motion to dismiss, it grants plaintiffs leave to amend. *See* Pls.'s Opp'n at 20. The court, however, would need the benefit of a proposed Amended Complaint to determine whether plaintiffs have a good faith basis for maintaining the lawsuit (or whether as Defendants suggest, any amendment would be futile, *see* Def.'s Reply (Dkt # 19) at 10).

---

[14] Plaintiffs concede that they have not adequately alleged a claim for negligent misrepresentation under New York or Massachusetts law. Pls.'s Opp'n at 17 n.3. The court accordingly dismiss these portions of Count III.

14

**ORDER**

For the forgoing reasons, the Complaint is dismissed, albeit without prejudice. Should plaintiffs seek to amend, they will have twenty-one (21) days from the date of this decision to file a proposed Amended Complaint.

SO ORDERED.

/s/Richard G. Stearns
UNITED STATES DISTRICT JUDGE